MORTIMER A. BENTON V. MARGARET MAGEE.

No. 14,996   (89 Pac. 902.)

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Subsequent Oral Agreement—Considera-
tion.* M. and B. entered into a written agreement by which
M., in consideration of $800, agreed to deed to B. ninety acres
of land, five acres of which belonged to M. and the remainder
to M.'s insane son. At the time the contract was made M.
was not the guardian of her son, and afterward she refused to
make the conveyance. It was then verbally agreed that she
should have herself appointed guardian of the estate of her
son and procure an order from the probate court to sell his
land, and that she should then, as guardian, sell to B. about
eighty-one of the eighty-five acres of her son's land described
in the original agreement for $800, and should also convey
to B. two acres of her own land, a part of that described in
the original agreement, for ten dollars per acre. *Held,* that
there was sufficient consideration to support the verbal con-
tract.

Error from Harper district court; PRESTON B. GIL-
LETT, judge. Opinion filed April 6, 1907. Affirmed.

*Sam S. Sisson,* and *E. C. Wilcox,* for plaintiff in
error.

*George E. McMahon,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: Margaret Magee entered into a written
contract with Mortimer A. Benton to sell and convey
to him the east half of the southwest quarter and ten
rods off the south side of the northwest quarter of sec-
tion 6, township 32, range 8 west, for $800. This suit
was brought by Benton for specific performance.

The petition alleged the making of the contract;
that Margaret Magee put plaintiff in possession of the
land; that he fully performed all conditions on his part;
and that defendant had deeded to him the east half of
the southwest quarter of section 6, township 32, range
8 west, but had refused to give him a deed to the ten

rods off the south side of the northwest quarter of the section.

The defendant answered that when she entered into the contract she was the owner of the west half of the northwest quarter of the section, and that the east half of the southwest quarter and the east half of the northwest quarter of the section belonged to her insane son; that she was not the guardian of his property; that subsequently she refused to carry out the contract, and so informed plaintiff; that after her refusal she agreed, in consideration of $800, to be paid to her as guardian, to have herself appointed guardian of the estate of her insane son and obtain an order from the probate court to sell his lands, and to execute to plaintiff a guardian's deed to the east half of the southwest quarter of the section; also a small tract of the southwest corner of the east half of the northwest quarter of the section; and for ten dollars per acre deed to him of her own land two acres along the south side of the west half of the northwest quarter of the section; that she was appointed such guardian, and obtained the order of the probate court to sell her insane son's land; that she executed and delivered to plaintiff a guardian's deed to the east half of the southwest quarter of the section, and also executed and tendered a guardian's deed to the small tract in the southwest corner of the east half of the northwest quarter of the section, and also her individual deed to two acres off the south side of the west half of the northwest quarter of the section; and that plaintiff accepted the first, but refused the last two deeds.

The plaintiff denied the making of the new contract. Upon the issues thus joined a trial was had by the court, which resulted in a judgment for the defendant, and the plaintiff prosecutes this proceeding in error.

The contention of the plaintiff is that the judgment of the trial court is not supported by the evidence. Whether or not the parties entered into a new oral contract differing from the one reduced to writing was de-

cided by the trial court, upon conflicting evidence, according to the contentions of the defendant. In determining the question reserved for us we are concluded by the findings of the trial court upon that question. The plaintiff, anticipating this position, contends that the oral agreement alleged to have been made is void for want of consideration, and should not have been given any consideration in determining the disputed questions.

It is a well-recognized rule that a subsequent oral agreement to accept part performance of a written contract in satisfaction of full performance or a parol agreement to accept less than full payment for a present existing written obligation, without other consideration, is void for want of consideration. The trial court having found for the defendant upon the theory of the new agreement, we must give all the provisions, terms and conditions of that agreement as alleged by the defendant full force in determining whether a consideration exists. When this is done it plainly appears that it was not without consideration.

In the written contract Margaret Magee bound herself personally to convey the land described. She was the owner of only five acres of the ninety. She was not the guardian of her insane son, who owned the other eighty-five acres, consequently specific performance could not have been enforced as to the land belonging to the insane son. Benton agreed to pay $800 for the five acres belonging to Margaret Magee and the eighty-five acres belonging to her son. By the terms of the oral agreement Magee agreed to have herself appointed guardian of the estate of her son, and agreed that she would secure an order authorizing her to sell his lands; that she would then, as guardian, sell to the plaintiff about eighty-one acres of the land described in the original agreement belonging to her son for $800, the price he had agreed in the original contract to pay for the eighty-five acres belonging to her son and the five acres belonging to herself. And she also agreed to

convey to him two acres of her own land instead of five acres, as provided in the original contract, for which he agreed to pay ten dollars per acre. According to the new contract the plaintiff was to pay more money and get less land than was agreed upon in the original contract. These different terms and conditions furnish a consideration for the new contract.

Covered by the general finding of the court is the finding that Magee had fully complied with her verbal agreement. She had executed and delivered a good guardian's deed to the east half of the southwest quarter of the section, which had been accepted by Benton. She had also executed and tendered to him a good guardian's deed to the tract in the southwest corner of the east half of the northwest quarter of the section, and had executed and tendered to him a warranty deed to two acres off the south end of the west half of the northwest quarter of the section, which last two deeds he declined to accept.

The judgment is affirmed.